ELKE GORDON SCHARDT (State Bar # 152114)
LAW OFFICES OF ELKE GORDON SCHARDT
44319 Lowtree Avenue
Lancaster, CA 93534
Telephone:   (661) 940-5900
Facsimile:   (661) 940-5849
Email:       schardtlaws@verizon.net

JASON WALLACH (State Bar #75535)
GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
Mail Service:
  Post Office Box 92621
  Los Angeles, CA  90009-9998
Location:
  4551 Glencoe Avenue, Suite 300
  Marina del Rey, CA 90292-7925
Tel: (310) 821-9000 • Fax: (310) 775-8775
Email:       jwallach@gladstonemichel.com

Attorneys for Defendants
JOHN SHART and ELKE GORDON SCHARDT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JOHN SHART and ELKE GORDON SCHARDT,<br><br>　　　　　Debtors.<br><br>WENDY HAIG, GREG SADLER, and SHOWCASE 81, LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JOHN SHART and ELKE GORDON-SCHARDT,<br><br>　　　　　Defendants | CASE NO. 2:10-bk-29973-BR<br><br>CHAPTER 7<br><br>Adv. Proc. No.: 2:10-ap-02555-BR<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PLAINTIFFS' WITNESS GREG SADLER**<br><br>**Trial/Evidentiary Hearing:**<br><br>DATE:　April 25, 2012<br>TIME:　10:00 a.m.<br>PLACE:　Courtroom 1668<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA  90012<br>JUDGE:　Hon. Barry Russell |

56769 Evid Obj to G.Sadler Decl.FINAL.doc　　　　1

1   TO THE HON. BARRY RUSSELL, BANKRUPTCY JUDGE, HEIDE KURTZ,
2   TRUSTEE AND OTHER INTERESTED PARTIES:
3       Defendants John Shart and Elke Gordon Schardt submit the following objections
4   to the Declaration of Plaintiffs' Witness Greg Sadler, and request that such inadmissible
5   evidence be stricken and not considered by the Court:

7       1.   Portion of Paragraph 6, page 1, line 27 to page 2, line 1, stating: "She said
8   Hans was going to let her build a barn and apartment there so that we would have a place
9   of our own and so that the children could live there without the major commute back and
10  forth to New Mexico"
11  **Objection:** Hearsay. R.802[1].

13      2.   Portion of Paragraph 6, page 2, lines 2 – 3, stating: " . . . I know that Wendy
14  believed this new structure at Greystone would be hers, for our sole and exclusive use."
15  **Objection:** Hearsay. R.802.

17      3.   Portion of Paragraph 9, page 2, line 14, stating: "Wendy seemed to get
18  stressed and uncomfortable with Hans in 2008."
19  **Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show
20  any basis in personal knowledge or expertise to support this broad, general conclusion.

22      4.   Portion of Paragraph 9, page 2, lines 14 – 15, stating: "Then, in summer
23  2008, I witnessed Hans bullying Wendy for more money for the first time."
24  **Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show
25  any basis in personal knowledge or expertise to support this conclusion of "bullying".

28  _____
    [1] "R" refers to the numbered Rule of the Federal Rules of Evidence.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

5. Portion of Paragraph 9, page 2, lines 17 –18, stating: "He was demanding money from Wendy, and speaking loudly and forcefully – bullying her."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "bullying".

6. Portion of Paragraph 9, page 2, line 20, stating: "It was inappropriate and very threatening."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "inappropriate and very threatening".

7. Portion of Paragraph 9, page 2, lines 20 – 21, stating: "I began to better understand Wendy's stress and discomfort with Hans."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "understand Wendy's stress and discomfort". Hearsay (R.802) if the source of the understanding, stress or discomfort was Wendy's acts or statements.

8. Portion of Paragraph 10, page 2, line 22, stating: "By late 2008, Wendy had become very upset about her relationship with Hans."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "very upset". Hearsay (R.802) if the source of the understanding, stress or discomfort was Wendy's acts or statements.

9. Portion of Paragraph 10, page 2, lines 24 – 27, stating: "Wendy told me that Hans was demanding money from her even though she had overpaid him. She was very upset and irritated because Hans would not provide her with underlying bills for charges he claimed and because he denied he had failed to credit all of her payments. She told me she felt used by a man she had trusted."

**Objection:** Hearsay. R.802. Hearsay within hearsay. R.805.

10. Portion of Paragraph 12, page 3, lines 9 – 10, stating: "Wendy was at her wit's end trying to talk to Hans. She felt bullied by him and was intimidated by him at that point."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "wit's end" and "bullied and intimidated". Hearsay (R.802) if the source of the understanding, stress or discomfort was Wendy's acts or statements.

11. Portion of Paragraph 12, page 3, lines 11 – 14, stating: "In addition to moving our horses out of Greystone, Wendy wanted John Sharp to try to get Hans to sit down and resolve the accounting. It was hoped that with John's management background, he would be able to reason with Hans and resolve the billing issues, as Wendy herself was too upset herself to speak to him."

**Objection:** Lack of personal knowledge. R.602.

12. Portion of Paragraph 15, page 3, lines 27 – 28, stating: "John was telling Hans that he had not given Wendy all the credits she was due."

**Objection:** Hearsay. R.802.

13. Portion of Paragraph 16, page 4, line 5, stating: ". . . that Elke and his bookkeeper Marie . . ."

**Objection:** Lack of personal knowledge. R.602. Declarant has shown no knowledge of acts or statements of Elke. Hearsay within hearsay. R.805.

14. Portion of Paragraph 17, page 4, line 15, stating: ". . . bullying me."

**Objection:** Lack of foundation for conclusion. R.602, R.701. Declarant fails to show any basis in personal knowledge or expertise to support this conclusion of "bullying me."

15. Portion of Paragraph 18, page 4, line 19, stating: "Hans just did not want to discuss the numbers."

**Objection:** Lack of personal knowledge. R.602. Declarant fails to show how he knew what Hans wanted.

16. Portion of Paragraph 19, page 4, lines 27 – 28, stating: "John did discuss it with Wendy."

**Objection:** Hearsay. R.802. Lack of personal knowledge. R.602.

17. Portion of Paragraph 23, page 5, lines 17 – 18, stating: "Wendy learned in the Tennessee litigation in March 2009 that Hans was supposed to have sold several of our horses, but she did not believe it."

**Objection:** Hearsay. R.802. Lack of personal knowledge. R.602.

18. Portion of Paragraph 24, page 5, line 27 to page 6, line 1, stating: "In 2007, Wendy bought a new 2008 Kenworth tractor to pull our horses. I understood it would be titled to me, as I would be the primary driver. It was purchased with an automatic transmission because of my licensing restrictions."

1  **Objection:** Lack of foundation for conclusions and lack of personal knowledge re
2  "understanding" and cause and effect. R.602, R.701 .

4      WHEREFORE, Defendants request that such statements not be admitted, that they
5  be stricken from the Declaration and that Defendants be granted such other and further
6  relief as is just and proper.

8  DATED: February 22, 2012         GLADSTONE MICHEL
                                    WEISBERG WILLNER & SLOANE, ALC

                                    BY: _____
                                    JASON WALLACH
                                    Co-Counsel for Defendants, John Shart and
                                    Elke Gordon Schardt

|  | |
|---|---|
| In re:<br>JOHN SHART and ELKE GORDON SCHARDT,<br>Debtor(s).<br>HAIG, et al. v. SHART, et al. | CHAPTER 11<br>CASE NUMBER: 2:10-bk-29973-BR<br>ADVERSARY PROCEEDING<br>CASE NUMBER: 2:10-ap-02555 BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4551 Glencoe Ave., Suite 300, Marina del Rey, CA 90292

The foregoing document described as **DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PLAINTIFFS' WITNESS GREG SADLER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/22/2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jesse S. Finlayson          jfinlayson@fwtrl.com, wmills@fwtrl.com
United States Trustee (LA)  Ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **2/22/2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Elke Gordon Schardt, Law Office Of Elke Gordon Schardt, 44319 Lawtree Ave., Lancaster, CA 93534 (US Mail)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/22/2012**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Barry Russell, US Bankruptcy Court, 255 E. Temple St., Crtrm 1668, L.A., CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/22/2012 | GIOIA IWATA | /s/ Gioia Iwata |
|---|---|---|
| Date | Type Name | Signature |

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

56769 Evid Obj to G.Sadler Decl.FINAL.doc    7